FILED
2021 MAR 4
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SAFA H., <br><br> **Plaintiff,** <br><br> v. <br><br> ANDREW M. SAUL, **Commissioner of the Social Security Administration,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:19-cv-00387-JCB <br><br> Magistrate Judge Jared C. Bennett |

Plaintiff Safa H. ("Plaintiff") initiated this action against Defendant Commissioner of the Social Security Administration Andrew M. Saul ("Commissioner") challenging the denial of Plaintiff's application for supplemental security income benefits.[1] The court reversed the ALJ's decision and remanded this matter to the Commissioner for rehearing.[2] Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[3] EAJA requires the court to award fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the position of the United States was not substantially justified. *Commissioner, INS v. Jean*, 496 U.S. 154, 155 (1990). The Commissioner concedes that it is appropriate to award fees but has challenged the total number of hours submitted by Plaintiff's counsel. For the reasons outlined below, Plaintiff's application for an award of attorneys' fees is granted in the amount of $3,280.00.

---

[1] ECF Nos. 1, 3.

[2] ECF No. 29.

[3] ECF No. 31.

ANALYSIS

I. **EAJA ELIGIBILITY**

Under the EAJA, the court may award attorneys' fees to a plaintiff if: (1) she was the prevailing party; (2) the Commissioner's position was not substantially justified; and (3) there are no special circumstances making an award of fees unjust. *Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993). The Commissioner does not dispute that Plaintiff satisfies these requirements and is entitled to receive attorneys' fees and costs. Accordingly, the only question to be decided is the amount.

II. **AMOUNT TO BE AWARDED**

Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the "lodestar" amount as a starting point for calculating a reasonable fee award. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff's counsel's has an hourly rate of $205.00. The Commissioner does not object to this hourly rate, and the court does not find the requested rate inconsistent with the rates awarded to other attorneys in social security cases in this circuit. *See, e.g.*, *Licata v. Saul*, No. CV 16-1323-JWL, 2019 WL 5209152, at *2 (D. Kan. Oct. 16, 2019) (approving hourly fee of $300.00); *LaRue v. Colvin*, No. 12-cv-00636-PAB, 2014 WL 4333704, at *3 (D. Colo. Aug. 29, 2014) (awarding EAJ fees at hourly rate of $183.12). Accordingly, the court accepts the hourly rate of $205.00 as reasonable.

However, the court does not accept the number of hours that Plaintiff claims. A party seeking an award for attorney fees under EAJA bears the burden of establishing that the award sought is reasonable. *Hensley,* 461 U.S. at 433. The fee applicant must "document[ ] the appropriate hours expended and hourly rates" and should "exercise billing judgment with respect to hours worked." *Id.* at 437. The court may reduce the fee award to hours that were reasonably expended, rather than hours

actually worked. *Id.* at 433-34. Reasonable fees are those a reasonable attorney would have incurred and billed in the marketplace under similar circumstances. *Robinson,* 160 F.3d at 1281. In addition, where attorneys have failed to keep adequate and detailed time records, an across-the-board percentage reduction in hours may be appropriate. *San Luis Valley Ecosystem Counsel v. U.S. Forest Serv.*, No. CIV.A.04-CV-01071MSK, 2009 WL 792257, at *7 (D. Colo. Mar. 23, 2009) ("Where block billing prevents the Court from identifying the reasonable time spent on a compensable task, the Court may elect to instead engage in a general, proportionate reduction of total hours claimed to ensure that noncompensable time is excluded.").

Plaintiff's fee application seeks an award for 34.75 hours. Plaintiff's counsel filed an affidavit to support this request with an itemized log of his time and allocates the hours as follows: 1.18 hours drafting complaint and scheduling order; 17.89 hours drafting opening briefing; 9.81 drafting reply brief; and, 5.87 hours preparing and attending oral argument.[4] The Commissioner objects and asserts 17.89 hours of work for the opening brief is excessive under the circumstances. He further asserts that time drafting the reply brief should be excluded because none of the arguments that resulted in remand were included in the reply brief. Notably, Plaintiff did not respond to Commissioner's arguments. Each objection to the hours expended is addressed separately below.

First, Plaintiff's total hours for the opening brief are excessive. According to the Commissioner, 17.89 hours is unreasonable because Plaintiff's opening brief duplicates work performed on Plaintiff's earlier submission to the Appeals Council and suggests that, in essence, Plaintiff edited the Appeals Counsel brief for the district court, and copied and pasted sections of the administrative record, which does not justify the request for 17.89 hours. The Commissioner asserts that Plaintiff should not be awarded attorney's fees for work performed prior to the time that the complaint was filed. *Melkonyan v.*

---

[4] ECF No. 31-1.

3

*Sullivan*, 501 U.S. 89, 94 (1991) (explaining that EAJA authorizes an award of fees and costs only in a "civil action" and not for administrative proceedings). Plaintiff did not respond. Accordingly, the court finds that the Commissioner has provided ample, unrefuted evidence demonstrating that the brief was duplicative of a prior submission. The court accepts the Commissioner's recommendation as reasonable and reduces the requested hours for the opening brief from 17.89 hours to 8.95 hours.

Second, the court declines to award any fees for the reply brief. The Commissioner contends the 9.81 hours sought by Plaintiff for preparation of Plaintiff's reply brief is unreasonable because it merely repeats the same arguments raised in the initial brief "except the one argument that ultimately led to remand."[5] A reduction in the reply brief hours is therefore appropriate according to the Commissioner because nothing in the reply brief contributed to this court's remand.[6] *Hensley*, 461 U.S. at 435 (stating courts should proportion fees to the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation"); *see, e.g.*, *F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 599 (D.C. Cir. 1996) (reducing the number of hours claimed to more equitably reflect the degree of success achieved by the company). Plaintiff again did not respond. Because the reply brief did not touch on any issue on which Plaintiff prevailed, the court finds a reduction of hours is appropriate and, therefore, declines to award any fees for time spent on the reply brief.

Based on the adjustments indicated, the court finds that Plaintiff's counsel reasonably expended 16 hours prosecuting Plaintiff's social security appeal at a rate of $205.00 per hour. Thus, the court awards reasonable attorneys' fees of $3,280.00 to Plaintiff as the prevailing party.

---

[5] ECF No. 33 at 6.

[6] *Id*.

## ORDER

For the reasons stated above, IT IS HEREBY ORDERED:

1. Plaintiff's application for an award of attorneys' fees under the EAJA is GRANTED in the total amount of $3,280.00.

2. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010), payment of this award shall be made payable to Plaintiff but mailed to Plaintiff's attorney for the work the attorney performed before this court, provided that the Commissioner confirms that Plaintiff owes no debt to the Government through the Federal Treasury Offset program. If Plaintiff has such debt, the check for any remaining funds after offset shall be made out to Plaintiff and mailed to counsel's office at Utah Legal Services, Inc., 205 North 400 West, Salt Lake City, UT 84103.

DATED this 4th day of March 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge